IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| ROBERT B. ANTHONY, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | CV-08-19-E-BLW |
| | ) | | CR-01-65-E-BLW |
| v. | ) | | |
| | ) | **ORDER** | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

Petitioner recently filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No.72 in CR-01-E-65-BLW and Docket No. 1 in CV-08-19-E-BLW).[1]  For the reasons set forth below, the Court will order the transfer of this case to the Eastern District of Washington.

## BACKGROUND

On December 11, 1995, Petitioner was sentenced in the Eastern District of Washington to 51 months incarceration to be followed by 4 years of supervised release following his conviction for distribution of over five grams of cocaine base. After Petitioner was released from incarceration, the District of Idaho accepted a

---

[1] All further docket references will be to the criminal case, CR-01-65-E-BLW.

**Order - 1**

transfer of jurisdiction over his supervised release from the Eastern District of Washington.  This Court has twice revoked Petitioner's supervised release, most recently on April 12, 2006 when the Court sentenced him to 30 months of incarceration.  Docket No. 70.

The sole ground of Petitioner's § 2255 Motion is the "[d]ecision by Supreme Court on retro-active reduction of sentence." *§ 2255 Motion*, p. 4.  The Court assumes that Petitioner is referring to *Kimbrough v. United States*, 128 S.Ct. 558 (2007), in which the Supreme Court held that a sentencing court may consider the crack cocaine/powder cocaine disparity in the sentencing guidelines when determining a sentence.  He may also be referring to the decision by the United States Sentencing Commission to give retroactive effect to the recent crack cocaine amendment to the sentencing guidelines.

## DISCUSSION

It is apparent that Petitioner's § 2255 Motion is challenging the original sentence imposed in the Eastern District of Washington rather than the sentence imposed by this Court upon revocation of his supervised release.  Section 2255 provides that "[a] prisoner in custody under sentence of a court . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence."  28 U.S.C. § 2255, ¶ 1 (emphasis added).

**Order - 2**

A person who has completed his term of incarceration but is serving a term of supervised release is still "in custody" for purposes of § 2255.  *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999);  *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (supervised release carries with it the possibility of revocation and additional jail time and therefore constitutes "custody"); *Kusay v. United* States, 62 F.3d 192, 198 (7th Cir. 1995) (supervised release constitutes "custody" for purposes of § 2255); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (supervised release satisfies the "in custody" requirement of § 2255).[2]

Even though Petitioner here has served the initial sentence imposed by the Eastern District of Washington, he is still effectively  serving the supervised release portion of that sentence.  In other words, his current incarceration is related to the term of supervised release imposed in connection with the Eastern District of Washington sentence even though he was sentenced to his current incarceration by this Court.  Accordingly, this Court lacks jurisdiction to address the § 2255 Motion.

## ORDER

---

[2]  The Ninth Circuit has implicitly adopted that view by finding that a petitioner could not bring a *coram nobis* petition because he was still in custody as he had not served his term of supervised release.  *See United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002).

Order - 3

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion Pursuant to § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-08-19-E-BLW and Docket No. 72 in CR-01-65-E-BLW) is DISMISSED for lack of jurisdiction.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court transfer Petitioner's § 2255 Motion to the Eastern District of Washington.

DATED: **January 18, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court