IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

ROBERT B. ANTHONY,

Defendant-Movant.

Case No. CV-08-558-E-BLW
CR-01-65-E-BLW

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-558-E-BLW) filed by Movant Robert B. Anthony ("Anthony").[1]

Having reviewed the record and being otherwise fully informed, the Court enters the following Order dismissing the § 2255 Motion but amending the Judgment pursuant to Fed. R. Crim. P. 36 to reflect the Court's oral recommendation that Anthony be credited with time served on the first Petition for Supervised Release.

**REVIEW OF 28 U.S.C. § 2255 MOTION**

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-01-64-E-BLW.

**A. Background and Summary of Issues**

On April 12, 2006, the Court revoked Anthony's term of supervised release and sentenced him to a term of incarceration of thirty (30) months consisting of thirty (30) months on one violation and twelve (12) months on a second violation to run currently each with each other but to be served consecutively to his state sentence. The written Judgment indicates that the Court recommended to the Bureau of Prisons that Anthony be credited with all time served in federal custody on the revocation charges.

In his § 2255 Motion, Anthony requests correction of his sentence to reflect credit for approximately five (5) months he spent in the custody of the United States Marshal from August 28, 2005 through January 21, 2006.

**B. Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

**C. Discussion**

After reviewing the record and consulting with the Probation Officer, the Court has determined that Anthony was in federal custody on the dates referred to in his motion in connection with a Supervised Release Petition and Order (Docket No. 42) entered on July 20, 2005. It appears that the final revocation hearing was delayed pending sentencing in state court on the underlying state charges.

On January 19, 2006, on the Government's motion, the Court entered an Order (Docket No. 59) dismissing the Supervised Release Petition without prejudice. Thereafter, on January 30, 2006, a second Supervised Release Petition (Docket No. 60) was filed indicating that the original Supervised Release Petition alleging the same violations had been dismissed to allow Anthony to be sentenced in state court on January 26, 2006. The Court imposed sentence on April 12, 2006.

The Court has listened to the tape of the revocation proceedings and determined that defense counsel specifically requested a recommendation for credit for the time spent in federal custody on the first Supervised Release Petition. The

Court stated it would make that recommendation but that it could not control whether the Bureau of Prisons would follow that recommendation. Nevertheless, it appears that the written Judgment does not contain a reference to those five months.

It is the responsibility of the Bureau of Prisons rather than the district court to calculate credit for time served. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Accordingly, the Court cannot correct or reduce Anthony's sentence to account for the five months spent in custody on the first petition. However, it will amend the Judgment to specifically recommend that the Bureau of Prisons grant credit for that time served. *See* Fed. R. Crim. P. 36 (allowing a court to correct a clerical error in a judgment resulting from an oversight or omission at any time).

The Bureau of Prisons may or may not grant the credit to which Anthony feels he is entitled. If it does not, and if Defendant wishes to challenge the Bureau of Prisons' decision, he must first exhaust his administrative remedies within the Bureau of Prisons. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); 28 C.F.R. ss. 542.10 to 542.16. He may then seek judicial review of any adverse decision by filing a habeas petition under 28 U.S.C. s. 2241 in the United States District Court in the district in which he is incarcerated. *Id*.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Anthony's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-558-E-BLW), is DISMISSED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court prepare an Amended Judgment pursuant to Fed. R. Crim. P. 36 to include a recommendation that Anthony receive credit for "all time served in federal custody including the time served from August 25, 2005 through January 21, 2006 on the first Supervised Release Petition."

IT IS FURTHER HEREBY ORDERED that the Clerk of Court send a copy of the Amended Judgment to Anthony at the following address: Robert B. Anthony, Reg. No. 08792-085, FCI Terminal Island, Federal Correctional Institution, P.O. Box 3007, San Pedro, CA 90731.

DATED: **April 9, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge